IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JON RIFE, et al.,**                      CASE NO. 3:21 CV 67

      Plaintiffs,

      v.                                          JUDGE JAMES R. KNEPP II

**BRIAN HOUSER, et al.,**

      Defendants.                    **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Pending before the Court is Brian Houser, Douglas G. Hartman, and the City of Bowling Green's (collectively, Defendants) Motion for Summary Judgment. (Doc. 19). Plaintiffs Ryan Rife ("Rife") and Jon Rife opposed the Motion (Doc. 25), and Defendants replied (Doc. 29). Plaintiffs also filed a Motion for Oral Argument (Doc. 30), which Defendants opposed (Doc. 31). For the following reasons, Defendants' Motion for Summary Judgment is granted, and Plaintiffs' Motion for Oral Argument is denied.

### BACKGROUND[1]

Plaintiffs are father and son Jon and Ryan Rife. (Doc. 1, at ¶ 2). They bring eleven claims against Defendants. *See generally*, Doc. 1. The relevant facts of this case begin when Rife attended a party in November 2019. *Id.* at ¶ 15. Rife was seventeen years old at the time he attended this party. *Id.* at ¶ 1. He consumed alcohol at the party and became intoxicated. *Id.* at ¶¶ 17-20.

---

1. Limited discovery has been conducted in this case. Both Jon and Ryan Rife verified the complaint as true, making it admissible for the purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding a verified complaint, signed under penalty of perjury, "carries the same weight as would an affidavit for the purposes of summary judgment.").

At the party, Rife engaged in some degree of sexual activity with an intoxicated girl. *Id.* at ¶ 20. The girl, who is Defendant Houser's step-daughter, reported the sexual activity as an assault to school officials, who informed her mother. *Id.* at ¶ 21. Houser notified Defendant Hartman his daughter was the victim of sexual assault. *Id.* Both are employed by the Bowling Green Police Department. *Id.* at ¶¶ 5-6.

Plaintiffs allege Houser remained involved in the investigation, attempting to influence its outcome. *Id.* at ¶ 29. They also allege Hartman did nothing to prevent Houser from influencing the investigation, leading to an unfair investigation. *Id.* at ¶¶ 29-30. Rife's name was released to the media, which Plaintiffs allege is unusual for a juvenile suspect. *Id.* at ¶¶ 37-40.

Rife was arrested January 11, 2020 by a Bowling Green police officer who is not a named party in this case. *Id.* at ¶ 34; Doc. 19-1, at ¶ 41. Preceding the arrest, Houser "verbally assaulted and threatened" Rife. (Doc. 1, at ¶ 33). Rife was charged with five separate delinquency complaints. (Doc. 25-1, at 10-11). Rife admitted to underage alcohol consumption, and was adjudicated delinquent as to that charge, while a second charge related to underage alcohol consumption was dismissed by the State. *Id.* at 2. All remaining charges related to Rife's alleged sexual misconduct; two charges were dismissed on motion from Rife, while the judge in the case adjudicated Rife as not delinquent as to the remaining charge. *Id.* at 10-11.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine

the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*.

Defendants invoke qualified immunity in their Motion. (Doc. 19, at 1). The defense of qualified immunity shields government officials performing discretionary functions where their "conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[I]nsubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to discovery," *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

Once a defendant properly raises a defense of qualified immunity, the burden shifts to plaintiff to demonstrate the defendant is not entitled to qualified immunity. *Livermore ex rel. Rohn v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007).

## Discussion

In their complaint, Plaintiffs bring several claims against Defendants all stemming from the investigation, arrest, and prosecution of Ryan Rife, which stem from the November 2019 party. (Doc. 1, at ¶ 15). The first five claims are based in federal law, alleging false arrest, malicious prosecution, a conspiracy to violate Plaintiffs' rights, and two claims for attorneys' fees. *Id.* at ¶¶ 71-104. The remaining six claims sound in state law. *Id.* at ¶¶ 104-45.

Defendants' motion seeks summary judgment as to the federal claims, arguing they are entitled to qualified immunity because the record supports no constitutional violation, and, if they

are indeed entitled to qualified immunity on Plaintiffs' federal claims, the Court should decline to exercise its supplemental jurisdiction over the remaining state law claims. The Court agrees, granting summary judgment as to all federal claims, and dismissing without prejudice all remaining state law claims.

Malicious Prosecution

Plaintiffs bring a malicious prosecution claim against all Defendants. (Doc. 1, at ¶¶ 84-88). For that claim to succeed, Plaintiffs must prove (1) Defendants made, influenced, or participated in a decision to prosecute the plaintiffs; (2) there must be a lack of probable cause for the prosecution; (3) the plaintiffs must suffer a deprivation of liberty under the Fourth Amendment apart from the initial seizure; and (4) the criminal proceeding must be resolved in the plaintiffs' favor. *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010).

Defendants' argument centers on the second element: if there is probable cause as to one charge, a constitutional malicious prosecution claim fails. (Doc. 19, at 15). Plaintiffs do not meaningfully respond to this argument, instead attacking Hartman and Hauser's probable cause finding as to the rape charge. *See* Doc. 25, at 41-45. Plaintiffs' argument fails because whether there was probable cause for that charge is irrelevant, so long as probable cause exists for one charge. *See Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020) ("[J]ust like in the context of false arrests, a person is no more seized when he's detained to await prosecution for several charges than if he were seized for just one valid charge.").

If probable cause exists for any charge brought against Plaintiff, his malicious prosecution claim fails. The existence of probable cause is typically a jury question, unless there is only one reasonable determination possible. *Webb v. United States*, 789 F.3d 647, 665 (6th Cir. 2015); *see also Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th Cir. 1995) ("In general, the existence of probable

cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible.").

Here, the record evidence provides only one reasonable determination – that probable cause existed to prosecute Rife. Various witnesses told Hartman Rife was intoxicated. (Doc. 19-2, at 16, 22, 28, 29, 31, 33, 36). In his opposition, Rife acknowledges "multiple, consistent statements" that he was intoxicated. (Doc. 25, at 26). By verifying his complaint, Rife admits under oath he consumed alcohol at the party. (Doc. 1, at ¶ 17) ("During the Party, attendees including, but not limited to, Ryan . . . consumed available alcohol."). Rife argues his voluntary intoxication undermines probable cause as to a rape charge. (Doc. 25, at 43 ("Detective Hartman wholly ignored the unrebutted, exculpatory evidence from multiple witnesses of Ryan's intoxication, i.e., his inability to form the requisite *mens rea* for the offenses charged[.]") (footnote omitted)). But this argument misunderstands the nature of a malicious prosecution claim. Even if Rife's drunkenness undermines probable cause as to the sexual misconduct charges for which he was arrested, the fact that he was a minor and intoxicated means probable cause existed to support his prosecution. Ohio law forbids an underage person from possessing or consuming any beer or intoxicating liquor in any public or private place. Ohio Rev. Code § 4301.69 (E)(1). The witness statements, and Rife's own admissions and arguments, permit "only one reasonable determination" as to probable cause. *Pyles*, 60 F.3d at 1215. With no issue of material fact as to whether probable cause existed to charge Rife for underage alcohol consumption, summary judgment is appropriate for Rife's malicious prosecution claim.

*Municipal Liability*

Rife also brings a malicious prosecution claim against the City of Bowling Green. Local governments are not vicariously liable under § 1983 for their employees' actions. *D'Ambrosio v.*

*Marino*, 747 F.3d 378, 386 (6th Cir. 2014). "Instead, a plaintiff must show that through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Griffith v. Franklin Cty.*, 975 F.3d 554, 581 (6th Cir. 2020) (internal quotation omitted). This assumes a constitutional injury, though, and Plaintiff has not shown his prosecution violated his Fourth Amendment rights. *Baker v. City of Trenton*, 936 F.3d 523, 535 (6th Cir. 2019) ("[W]here there has been no showing of individual constitutional violations on the part of the officers involved, there can be no municipal liability."). Therefore, summary judgment is proper as to Count Two for all Defendants.

False Arrest

Plaintiffs also bring a false arrest claim against Defendants. (Doc. 1, at ¶¶ 71-83). Plaintiffs, in their verified complaint, broadly allege Defendants Houser and Hartman acted on personal, not professional, motivations throughout their investigation and arrest of Rife. *See, e.g.*, Doc. 1, at ¶¶ 27-30. They allege this shoddy investigation led to Rife's false arrest, without probable cause, at his home. *Id.* at ¶ 34. But Defendants argue, because they had probable cause for the arrest, Plaintiffs cannot bring a Fourth Amendment false arrest claim.

A Fourth Amendment false arrest claim requires Plaintiff to prove the arresting officer lacked probable cause to arrest him. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). As an initial matter, none of the named Defendants are the arresting officer. An "Officer Snyder" made the arrest according to Hartman. (Doc. 19-1, at ¶ 41). Plaintiffs argue whether Hartman or Houser physically made the arrest is not determinative of liability. (Doc. 25, at 37). But the law cited by Plaintiffs addresses malicious prosecution claims, and not false arrest claims. *See King v. Harwood*, 852 F.3d 568, 584 (6th Cir. 2017). Thus, summary judgment could be granted on this alone.

Even assuming, *arguendo*, that someone other than the arresting officer could be liable for false arrest, the arrest was supported by probable cause and thus Rife's claim failed. The analysis mirrors the malicious prosecution analysis above. "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles*, 60 F.3d at 1215. The existence of probable cause as to one charge bars a false arrest claim, even if the crime for which probable cause exists is not subjectively why the officer made the arrest. "That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). This is true even if the crime for which probable cause exists is not the crime charged. *Alman v. Reed*, 703 F.3d 887, 900 (6th Cir. 2013) ("Indeed, a wrongful-arrest claim can fail if probable cause existed for a crime other than the crime for which the individual was arrested or charged."). Because there is no disputed material fact concerning Rife's violation of underage alcohol consumption law, his false arrest claim must fail.

Alternatively, Plaintiff argues this arrest violated Ohio's law regarding warrantless arrests, thus making the arrest unreasonable under the Fourth Amendment. *See* Doc. 25, at 2, 6. States can regulate warrantless arrests, but these laws have no effect on the Fourth Amendment. *See Cooper v. State of Cal.,* 386 U.S. 58, 61 (1967) ("Just as a search authorized by state law may be an unreasonable one under that amendment, so may a search not expressly authorized by state law be justified as a constitutionally reasonable one."); *see also United States v. Master*, 614 F.3d 236, 239 (6th Cir. 2010) ("The Court held that 'while States are free to regulate [arrests] however they desire, state restrictions do not alter the Fourth amendment's protections.'") (quoting *Virginia v. Moore*, 553 U.S. 164, 179 (2008)). Thus, even assuming, *arguendo*, the arrest did violate Ohio law, such a violation does not save his constitutional false arrest claim.

And, as discussed above, because no individual officer constitutionally injured Rife, the City of Bowling Green is also entitled to summary judgment on this claim. *See Baker*, 936 F.3d at 535.

Conspiracy

Plaintiffs also allege Defendants conspired to deprive them of the equal protection of the laws under 42 U.S.C. § 1985(3). (Doc. 1, at ¶¶ 89-96). The statute forbids two or more persons from conspiring for the purpose of depriving any person or class of persons the equal protection of the laws, or equal privileges and immunities under the law. 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege: '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of C & J v. Scott*, 463 U.S. 825, 828–29 (1983)). Further, precedent requires the conspiracy be founded on "class-based invidious discrimination." *Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976); *see also Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223 (6th Cir. 1991) ("*Griffin v. Breckenridge*, 403 U.S. 88, 102, . . . (1970), established that a necessary element of § 1985(3) claim is the existence of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action'.").

Plaintiffs allege no class-based discriminatory animus for this conspiracy, nor do they identify any evidence in the record supporting class-based discriminatory animus. Further, as discussed above, Plaintiffs fail to show they suffered a constitutional injury stemming from the investigation, arrest, and prosecution. Thus, with no evidence of class-based discriminatory

animus, nor any constitutional injury, summary judgment is properly granted as to Plaintiffs' conspiracy claim.

Attorneys' Fees

Counts Four and Five of Plaintiffs' Complaint seek attorneys' fees under 42 U.S.C. § 1988. (Doc. 1, at ¶¶ 97-104). The statute provides:

> In any action or proceeding to enforce a provision of sections . . . 1983, 1985 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). Because Plaintiffs are not a prevailing party, they are not entitled to attorneys' fees.

Remaining State Law Claims

Defendants also move to dismiss all remaining state law claims on jurisdictional grounds, arguing the Court should decline to exercise its supplemental jurisdiction over these claims because no federal claims remain. Plaintiffs argue the federal claims should survive and, if they do not, the dismissal should be without prejudice. Because summary judgment is proper for Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims, and dismisses them without prejudice.

Supplemental jurisdiction is a doctrine of discretion, not of right. *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Refusal to exercise supplemental jurisdiction is reviewed for an abuse of discretion. *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802 (6th Cir. 1996). Supplemental jurisdiction exists for "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[2] "Such supplemental jurisdiction does

---

2. That Plaintiffs' state-law claims satisfy this standard is not in dispute.

not disappear when the federal claim that gave rise to original jurisdiction in the first place is dismissed." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 (2009)). Nonetheless, the Court may decline to exercise its supplemental jurisdiction when the original jurisdiction claims have been dismissed. 28 U.S.C. § 1367(c)(3). "Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court should balance judicial economy and avoidance of duplicative litigation against needlessly deciding state law issues. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004).

Plaintiffs have provided no argument in favor of the Court exercising supplemental jurisdiction in this circumstance. *See* Doc. 25, at 10-11, 47. Nor has the Court identified any reason the normal rule should not apply. Therefore, with summary judgment granted as to all of Plaintiffs' federal claims, all remaining claims, sounding in state law, are dismissed without prejudice.[3]

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion for Summary Judgment (Doc. 19) be, and the same hereby is, GRANTED as to Counts One through Five of Plaintiffs' Complaint (Doc. 1) and it is

FURTHER ORDERED that all remaining claims be, and the same hereby are, DISMISSED WITHOUT PREJUDICE.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

---

3. Because the Court has entered judgment on all of Plaintiffs' claims, their Motion for Oral Argument (Doc. 30) is denied as moot.